IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALI M. ALI,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>　　　　　　　Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:22-cv-00076-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 11). Before the court is Defendant National Enterprise Systems Inc.'s Motion to Dismiss. (ECF No. 6.) Upon review and for the reasons set forth herein, the undersigned RECOMMENDS the motion be GRANTED and Plaintiff's Complaint be dismissed.

## BACKGROUND

Plaintiff Ali M. Ali ("Plaintiff" or "Mr. Ali"), a non-attorney, filed his pro se complaint against Defendant National Enterprise Systems Inc., ("Defendant" or "National") on February 8, 2022, alleging violations of the Fair Debt Collections Practices Act ("FDCPA") based on collection efforts related to a debt owed by third party, Mr. Benjamin Gierhart ("Mr. Gierhart"). [1] (ECF No. 1); *see* 15 U.S.C. § 1692.  Plaintiff is a "natural person residing in Salt Lake City, Utah" and makes no allegation that he is an attorney at law admitted to practice before this court.

---

[1] Complaint, (ECF No. 1.) As a pro se litigant, Plaintiff paid the filing fee and did not move to proceed *in forma pauperis. See* 28 U.S.C. §1915.

In fact, in response to National's motion, Mr. Ali states "First and foremost, Plaintiff Ali Ali is not an attorney and has not represented to the Court or to any citizen that Ali is an attorney in no shape, form or fashion." (ECF No. 8 at p. 2.) Plaintiff alleges that Mr. Gierhart assigned him "100 percent" of his FDCPA claims. Complaint ¶ 3.

National moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) based on (1) the unauthorized practice of law and (2) "Plaintiff fails to allege facts sufficient to state a claim for relief that is plausible on its face." Mtn. p. 1, ECF No. 6.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell v. Twombly,* 550 U.S. 544, 570) (2007)). When reviewing such a motion, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 22-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020), report and recommendation adopted, No. 22-cv-00118-DBB-DAO, 2021 WL 76163 (D. Utah Jan. 8, 2021) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)).

## ANALYSIS

National argues Plaintiff fails to state a claim for two reasons. First, "Utah law prohibits a person from representing himself if he obtained the claim through an assignment." Mtn. p. 4. Second, Plaintiff fails to allege sufficient facts to demonstrate that the "monetary obligation at

issues was a 'debt' subject to regulation under the FDCPA." *Id.* The undersigned finds the first argument dispositive.

### As An Assignee Plaintiff Is Not Allowed To Bring A Claim On His Own Behalf.

As a non-attorney, Mr. Ali cannot represent the legal claims of Mr. Gierhart because "'a non-attorney is not permitted to represent any other person ... in federal court.'" *Watson v. Glob. Energy Techs., Inc.*, No. 2:10-CV-1183 TS, 2011 WL 1427970, at *1 (D. Utah Apr. 13, 2011) (quoting *Arnson v. My Investing Place*, 2009 U.S. Dist. Lexis 119506, at *4 (D. Utah Dec. 23, 2009) (citations omitted)). *See also Lundahl v. Quinn,* 2003 UT 11 at ¶¶ 6-7; 67 P.3d 1000.

In Utah, an individual must have a license to practice law. *See* Utah Code Ann. § 78A-9-103(1). Under certain circumstances, however, an individual may represent themselves without a license. *See id.* § 78A-9-103(3). Specifically, Utah Code Ann. § 78A-9-103(3) states: "[n]othing in this section shall prohibit a person from personally and fully representing his own interests in a cause to which he is a party in his own right and *not as an assignee*." (Emphasis added). Thus, while Mr. Ali may represent himself, as a pro se litigant, in an action to which he is a party "in [his] own right, [ ]he may not represent [him]self if [ ]he has obtained the claim through an assignment." *Martin v. American. Family Insurance Company,* 2009 Utah App LEXIS 19, *2 (Utah Ct. App. 2009) (per curiam). To permit otherwise, would be a subterfuge for courts to countenance "an unconditional right to intervene on the entire universe of individuals or entities legally capable of accepting the assignment of a cause of action." *Lundahl*, 67 P.3d 1000 at ¶ 12.

Mr. Ali attempts to avoid the prohibition against representing himself as an assignee by arguing he has an assignment of claims and a valid Power of Attorney. The argument is unpersuasive.

Mr. Ali relies upon Utah Code Ann § 79-9-212. This section, the Utah Uniform Power of Attorney Act ("Act"), does provide a wide range of authority, including the authority to bring suit to "recover damages sustained by the principal." Utah Code Ann. § 75-9-212 (1). The Act, however, specifically states that it does not apply to a document purporting to grant a power of attorney that is "coupled with an interest in the subject of the power, including a power given to or for the benefit of a creditor in connection with a credit transaction." Utah Code Ann. § 75-9-103 (1). Thus, the Act does not allow an attorney-in-fact to file a lawsuit when the power of attorney is coupled with an interest in the subject of the power. This is the exact situation here. The power of attorney purports to grant Mr. Ali the power to bring a cause of action from which he will benefit. Therefore, any purported power of attorney does not comply with Utah law, and the Act does not authorize Mr. Ali to bring claims on Mr. Geirhart's behalf. Given this fatal flaw to Plaintiff's case, the court need not address Defendant's second argument for dismissal.

## RECOMMENDATION

Accordingly, for the reasons stated, the Court RECOMMENDS that Defendant's motion be granted and Plaintiff's action be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25 April 2022.

_____
Dustin B. Pead
United States Magistrate Judge